# William Brand, Administrator, Defendant in Error, v. W. Irving Osborne et al., Plaintiffs in Error.

## Gen. No. 18,625.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed. Opinion filed December 2, 1913. Rehearing denied December 16, 1913.

### Statement of the Case.

Action by William Brand, as administrator of the estate of Charles Brand, deceased, against W. Irving Osborne, D. B. Hanna and George G. Moore as receivers of the Chicago & Milwaukee Electric Railroad Company, a corporation, to recover damages for alleged wrongful death of plaintiff's decedent. From a judgment for plaintiff for two thousand dollars defendants bring error.

BULL & JOHNSON, for plaintiffs in error.

GEORGE W. WOODBURY and RICHARD J. FINN, for defendant in error.

MR. PRESIDING JUSTICE F. A. SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. RAILROADS, § 667*—*duty on approaching grade crossing.* A traveler approaching a railroad crossing at grade over a highway has the duty to approach cautiously and to endeavor to ascertain if there is present danger in crossing.

2. RAILROADS, § 667*—*when negligent not to look or listen at crossing.* While failure to look and listen will not as a matter of law under all circumstances bar a recovery, yet as a question of fact, if there is no evidence that a traveler looked or listened, and if there is no excuse for failing to do so and no obstructions to prevent seeing an approaching train before entering upon a dangerous crossing, it will be *held* as a question of fact that the traveler did not exercise ordinary care, when, if he had looked or listened, he could not have failed to have seen or heard the train.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

3. RAILROADS, § 667*—*when evidence shows failure to look or listen.* A person familiar with the situation and use of electric tracks in a city was killed by a car at a crossing at night. The view of the track for from three hundred to four hundred feet was unobstructed by anything except a few trees from which the leaves had fallen, and when within fifty or sixty feet of the track a clear view could be had for over a thousand feet. The car was brightly lighted and had a powerful electric searchlight burning that could have been seen for a mile. *Held,* the deceased did not look or listen and was contributorily negligent.

CLARK, J., dissenting.

4. RAILROADS, § 651*—*effect of contributory negligence.* A person crossing a railroad crossing not exercising due care and caution is negligent, and if such negligence contributes to his death by being struck by a train there can be no recovery.